# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

        **Petitioner,**

**-vs-**                                  **Case No.  2:06-cv-270-FtM-29DNF**

**RICHARD SHAW,**

        **Respondent.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On March 10, 2006, the United States of America ("United States") filed a Petition to Enforce Internal Revenue Service Summons (Doc. 3) pursuant to 26 U.S.C. §§7402(b) and 7604(a) against the Respondent, Richard Shaw.  Revenue Officer V. Joseph was conducting an investigation for the determination of federal income tax liabilities for Richard Shaw for the years 1999, 2000, 2001, and 2002, and "for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws for the years under investigation." (Doc. 3, p, 2).  Pursuant to 28 U.S.C. §636(d)(6), this Court hereby certifies the following facts to the District Court.

On August 30, 2005, Revenue Officer Joseph issued an Internal Revenue Service Summons directing Richard Shaw to appear on September 14, 2005, and to give testimony and produce documents for examination as was described in the summons.  Richard Shaw did not appear on September 14, 2005.  On November 15, 2005, the United States sent a letter to Richard Shaw allowing

him to appear on November 29, 2005, to respond to the summons. Richard Shaw did appear on November 29, 2005, but refused to comply with the summons. (Doc. 3, p. 2-3).

An Order to Show Cause (Doc. 7) was entered on March 13, 2006, requiring Richard Shaw to appear before the Honorable Sheri Polster Chappell, United States Magistrate Judge to show cause why Richard Shaw should not be compelled to obey the Internal Revenue Summons. Richard Shaw filed a unintelligible Response (Doc. 9) to the Order to Show Cause. This case was reassigned to the undersigned on May 31, 2006, and the hearing on the Order to Show Cause was canceled.

A second Order (Doc. 16) was sent on July 7, 2006, requiring the Richard Shaw to appear on July 25, 2006, to show cause why he should not be compelled to obey the Internal Revenue Summons. This document was returned as undeliverable. A third Order (Doc. 19) was sent to Richard Shaw requiring him to appear on September 25, 2006, to show cause why he should not be compelled to obey the Internal Revenue Summons.

A hearing was held on September 25, 2006, and Richard Shaw did not appear for the hearing. At the hearing, Assistant United States Attorney David Haas introduced as evidence of service upon Richard Shaw, a copy of "Part One, Plea In Abatement"[1] which was sent to Assistant United States Attorney John Rudy from Richard Shaw. Attached as an exhibit to this document was this Court's Order requiring Richard Shaw to appear on September 25, 2006. It is clear from this filing that Richard Shaw received notice of the hearing on September 25, 2006.

---

[1] This Court was also listed as a defendant in the "Part One, Plea In Abatement."

Richard Shaw has failed to comply with the Internal Revenue Summons issued on August 30, 2005. Richard Shaw also has failed to comply with this Court's Order dated August 18, 2006, which required him to appear before this Court on September 25, 2006, and show cause why he should not be compelled to obey an Internal Revenue Service Summons. Pursuant to 28 U.S.C. §636, when a party's actions constitute an obstruction of the administration of justice, then a judge may hold the party in contempt. In this case, Richard Shaw obstructed the administration of justice by not appearing in court when required and by not complying with the Internal Revenue Service Summons.

The Court respectfully recommends the following:

1) That the Petition to Enforce Internal Revenue Service Summons (Doc. 3) be granted.

2) That Richard Shaw be held in contempt of court.

3) That an order be entered requiring Richard Shaw to appear before a district judge upon a day certain to show cause why Richard Shaw should not be adjudged in contempt by reason of the facts so certified.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 2nd day October, 2006.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record