```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

           Petitioner,

vs.                            Case No. 2:06-cv-270-FtM-29DNF

ROSE SHAW, and RICHARD SHAW,

           Respondents.
_____

## **OPINION AND ORDER**

This matter came before the Court on March 6, 2007, for the sentencing for contempt of Richard Shaw and Rose Shaw. Only Richard Shaw appeared, represented by attorney Charles T. Wright. Respondent Richard Shaw filed a Motion to Dismiss for Lack of Personal Jurisdiction and in the Alternative Motion for Setting Aside of Judgment Under Rule 60(b) and to Change Venue for Forum Non Conviens and to Quash Warrants and Temporary Restraining Order Against Further Action Pending Decision (Doc. #45) on March 5, 2007. The Court heard oral argument from counsel.

The Court finds that Richard Shaw may properly defend the contempt action even at this late stage of the proceedings by arguing the lack of jurisdiction of the court. E.g., Tyco Fire & Security, LLC v. Alcocer, No. 05-16180, 2007 WL 542583 (11th Cir. Feb. 22, 2007)(a defaulted civil defendant can defend an action by challenging the jurisdiction of the court). For the reasons set

forth below, however, the Court finds this challenge to be without merit.

The Court finds that it has both subject matter jurisdiction and personal jurisdiction over Richard Shaw. The Internal Revenue Service (IRS) has authority under 26 U.S.C. § 7602(a) to issue an administrative summons and to seek enforcement of the summons in federal court under 26 U.S.C. § 7604. A summons may be served by leaving a copy at the person's "last and usual place of abode; . . ." 26 U.S.C. § 7603(a). Enforcement of the summons is by the United States court "in which [the person summoned] resides or is found . . ." 26 U.S.C. § 7604(a), (b).

The IRS filed a Petition to Enforce Internal Revenue Summons (Doc. #3) in this court. The Summons (Doc. #3-2) sought eight categories of documents concerning a certain trust. An IRS Revenue Officer personally served Richard Shaw with this summons on August 30, 2005 at 10:47 a.m. at 2301 Ivy Ave. Ft. Myers, Florida, his last and usual place of abode. An Order to Show Cause (Doc. #7) was issued by this court on March 13, 2006, and an IRS Revenue Officer personally served Richard Shaw on April 3, 2006, at 12:05 p.m. at 2301 Ivy Ave., Ft. Myers, Florida. (Doc. #8.) Richard Shaw filed three separate responses to the Order to Show Cause (Docs. #9, 10, 11.) The Court finds that both the service of the summons and the service of the Order to Show Cause were proper, and that the Court had personal jurisdiction over Richard Shaw at least upon service of the Order to Show Cause. United States v. Bichara,

826 F.2d 1037 (11th Cir. 1987). Accordingly, the motion to dismiss for lack of personal jurisdiction will be denied.

No reason has been articulated to set aside any of the Court's prior orders pursuant to Fed. R. Civ. P. 60(b). The Court declines to change venue in this matter, since nothing remains but production of the documents and/or imposition of a contempt sentence for violation of the Court's Order. The Court further finds no reason to quash the arrest warrant for Rose Shaw, although in a separate Order the Court will temporarily recall the warrant to facilitate production of the summoned documents. Finally, the Court finds no reason to stay or otherwise restrain further proceedings in this matter.

The Court finds by clear and convincing evidence that Richard Shaw is in contempt of court for failure to produce the documents described in the IRS Summons (Doc. #3-2) pursuant to this Court's October 18, 2006 Opinion and Order, and that no valid reason exists for his non-compliance with the summons.

Accordingly, it is now

**ORDERED:**

1. Respondent Richard Shaw's Motion to Dismiss for Lack of Personal Jurisdiction and in the Alternative Motion for Setting Aside of Judgment Under Rule 60(b) and to Change Venue for Forum Non Conviens and to Quash Warrants and Temporary Restraining Order Against Further Action Pending Decision (Doc. #45) is **DENIED.**

2. Richard Shaw is committed to the custody of the United States Bureau of Prison until such time as he produces all of the documents set forth in the IRS Summons dated August 30, 2005, a copy of which is in the court file at Document #3-2, or establishes that none of the documents can be produced.

3. Richard Shaw shall self-surrender to the United States Marshal's office in Fort Myers, Florida **no later than 4:00 p.m. Monday March 12, 2007.**

4. Richard Shaw may purge himself of this contempt by producing or causing to be produced to the IRS or United States Attorney's Office for the Middle District of Florida all of the documents set forth in the IRS Summons dated August 30, 2005, on or before the time and date of his required self surrender.

5. The United States Attorney's Office shall notify the Court immediately upon receipt of the documents required by the summons.

**DONE AND ORDERED** at Fort Myers, Florida, this  6th  day of March, 2007.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
U.S. Marshal